IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDRE DERAY GLADNEY,<br><br>Defendant. | Case No. CR11-0143<br><br>ORDER FOR PRETRIAL DETENTION |

On the 3rd day of November 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, John J. Bishop.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 20, 2011, Defendant Andre Deray Gladney was charged by Indictment (docket number 11) with conspiracy to distribute heroin within 1,000 feet of a school (Count 1), and two counts of distribution of heroin (Counts 9 and 10). At the arraignment on November 1, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on January 3, 2012. Upon the Government's motion, and by agreement of counsel for the Defendant, trial was rescheduled during the two-week period beginning February 21, 2012.

At the hearing, Marion Police Officer James Hancox testified regarding the circumstances underlying the instant charge.[1] In June 2010, Defendant was a passenger in a vehicle that went to the Cedar Rapids Police Department. The driver of the vehicle and another passenger exited the car and entered the police station. Defendant remained

---

[1] Officer Hancox is currently assigned to the DEA Task Force.

1

in the vehicle, and was approached by police officers and asked to exit the vehicle. The officers had a K-9 sniff around the vehicle. After the K-9 alerted on the vehicle, an officer searched it. Heroin was found between the center console and the front passenger seat, where Defendant had been sitting. Defendant pleaded guilty to felony drug charges in state court. He was sentenced on May 27, 2011.

Also in May 2011, Defendant was involved in two controlled purchases of heroin. The first controlled purchase occurred on May 13, 2011. A Confidential Informant ("CI") contacted Defendant by cell phone to set up the drug purchase. The CI met Defendant in a parking lot. Defendant was a backseat passenger in a vehicle. The CI entered the backseat of the vehicle and purchased a small bag of heroin from Defendant for $100. On May 18, 2011, Defendant was involved in another controlled drug purchase. A CI contacted Defendant to set up the drug purchase. The CI went to an apartment building. Defendant exited the apartment building, met the CI, and Defendant and the CI went back into the apartment. The CI exited the apartment less than one minute later with heroin he purchased from Defendant. Both controlled transactions were visually and electronically monitored. Additionally, Officer Hancox testified that law enforcement officers have interviewed "at least ten" witnesses who have identified Defendant as a heroin dealer.

According to the pretrial services report, Defendant is 23 years old. He was born and raised in Chicago, Illinois. His mother and two sisters reside in Chicago. Defendant moved to Cedar Rapids, Iowa in 2010. Defendant is single and has never been married. He has one child from a previous relationship. The child resides with her mother in Chicago.

Defendant has very little work history. He told the pretrial services officer that his only work experience was at a factory in Chicago for three months in 2008. Defendant is in good physical health. He has no past or present mental health or emotional concerns. Defendant told the pretrial services officer that he only used marijuana once in his life, and never used any other controlled substances. According to records from the Iowa Department of Corrections, however, Defendant admitted using marijuana on a daily basis

2

from age 14 until 2010. Defendant also provided urine samples that tested positive for marijuana in August and October 2011. The October 2011 urine sample also tested positive for PCP.

Defendant has an extensive criminal history. On December 6, 2005, at age 17, Defendant was charged with possession of cocaine. On January 3, 2006, Defendant was given 24 months probation. While on probation, Defendant was arrested three times: for criminal trespass to a motor vehicle, possession of cocaine, and possession of marijuana and soliciting unlawful business. Two of those charges were stricken from the docket with leave to reinstate, and the possession of cocaine charge was not prosecuted. On July 20, 2007, Defendant's probation was revoked, and he was sentenced to 1 year in prison. He was paroled on September 24, 2007. While on parole, Defendant was arrested five times: for criminal trespass to state land and criminal trespass to building, criminal trespass to motor vehicle (twice), and soliciting an unlawful business (twice). Three of the charges were stricken from the docket with leave to reinstate, and the disposition of the other two charges is unknown. Defendant was discharged from parole on September 24, 2008.

In November 2008, Defendant was charged with criminal trespass to state land and criminal trespass to building. Those charges were stricken from the docket with leave to reinstate. In July 2009, Defendant was charged with possession of marijuana. This charge was also stricken from the docket with leave to reinstate. In September 2009, Defendant was charged and later convicted of aggravated driving under the influence. While this case was pending, Defendant was arrested three times in Linn County, Iowa. Specifically, Defendant was charged and later convicted of possession of drug paraphernalia in May 2010. He failed to appear for his initial appearance on that charge, and an arrest warrant was issued and later served. On June 8, 2010, Defendant was charged and later convicted of interference with official acts. On June 9, 2010, Defendant was charged and later convicted of a drug stamp violation and conspiracy to deliver heroin. On August 16, 2010, Defendant was sentenced in the aggravated driving under the influence charge. He received 3 days in jail and given 24 months probation.

3

On September 27, 2010, while on probation in the aggravated driving under the influence charge, and while on pretrial release in the Linn County felony drug case, Defendant was charged with domestic battery in Cook County, Illinois. This charge was not prosecuted. On December 5, 2010, again while on probation and on pretrial release, Defendant was charged with driving on a suspended license, operating a vehicle without insurance, ordinance violation, and failure to have valid registration. The disposition of those charges is unknown.

In February, March, and October 2011, probation violation charges were filed in the aggravated driving under the influence charge. Arrest warrants were issued and served on the February and March probation violations. The arrest warrant and probation violation in the October charge remain active in Cook County. Also in February 2011, Defendant failed to appear for sentencing on the Linn County felony drug charges. An arrest warrant was issued, and later served in March 2011. Defendant was initially held in jail, but later placed on supervised release in April 2011. Defendant was sentenced in May 2011. He was given a 5-year suspended prison sentence and 3 years probation on each count of the felony drug charges, with placement in a residential facility for 365 days. Apparently, Defendant never actually resided in a residential facility.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk

factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

**B. Analysis**

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin within 1,000 feet of a school, and two counts of distribution of heroin. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C). The Court also finds Defendant is a serious risk of flight, thereby authorizing detention pursuant to § 3142(f)(2)(A).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong.

As to counts 9 and 10 in the indictment, a CI arranged for two separate controlled purchases of heroin from Defendant. In both instances, the CI met Defendant and purchased heroin from him. Both controlled purchases were electronically monitored by law enforcement. Defendant was also visually seen by law enforcement in one of the controlled purchases. As to count 1, Officer Hancox testified that other individuals were involved in one of the controlled purchases, and "at least ten" witnesses have identified Defendant to law enforcement as a heroin dealer.

Of particular concern to the Court is the fact that Defendant failed to appear for sentencing on two felony drug charges. Defendant was arrested but evidently released under supervision. While released – a mere two weeks before the scheduled sentencing – Defendant apparently sold heroin to a confidential informant on two separate occasions, giving rise to counts 9 and 10 of the instant indictment. Defendant has a history of failing to appear for required court hearings, violating probation, and committing offenses while on probation, parole, and pretrial release. It is clear to the Court that Defendant has no concern or regard for being under supervision. Thus, the Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 1, 2011) to the filing of this Ruling (November 4, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 4th day of November, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA