# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERRELL LAMONTE ARMSTEAD,<br><br>Defendant. | No. CR11-0143<br><br>REPORT AND RECOMMENDATION |

This matter comes before the Court on the Motion to Suppress (docket number 126) filed by the Defendant on December 1, 2011, and the Response (docket number 131) filed by the Government on December 9, 2011.

## RELEVANT FACTS

On September 20, 2011, Defendant Terrell Lamont Armstead was charged by Indictment with conspiracy to distribute heroin within 1,000 feet of a school (Count 1) and possession with the intent to distribute crack cocaine and heroin (Count 11). Defendant entered a plea of not guilty and trial was scheduled for December 5, 2011. The trial was subsequently continued to February 21, 2012. On December 8, 2011, the Grand Jury returned a Superseding Indictment again charging Defendant with conspiracy to distribute heroin within 1,000 feet of a school (Count 1) and possession with the intent to distribute crack cocaine and heroin (Count 11). Arraignment on the Superseding Indictment is scheduled for December 19, 2011.

On December 1, 2011, Defendant filed the instant motion to suppress. Defendant claims in his motion that police conducted an illegal warrantless search of his vehicle on

1

September 6, 2011.[1]  Accordingly, Defendant requests that "[a]ll evidence obtained directly or indirectly from the search and seizure in this case" be suppressed.

On December 9, 2011, the Government responded to the motion to suppress. While not conceding that the initial stop was invalid, the Government

> agrees not to offer the physical items seized during the September 6 stop, testimony regarding the officers' observations of the items during the search and detention of defendant on that date, or any testimony regarding defendant's statements or admissions to officers on that date during its case in chief at trial.

Response to Defendant's Motion to Suppress (docket number 131).

Given its "agreement" not to offer the evidence during its case in chief, the Government suggests that "Defendant's motion to suppress should be denied as moot."

## DISCUSSION

Defendant asks the Court to suppress the items seized from his vehicle on September 6, 2011, arguing that the warrantless search was unconstitutional. The Government "does not concede" the constitutional argument, but essentially agrees to the remedy sought by Defendant. That is, the Government agrees that it will not offer the items seized during its case in chief.

The parties have not cited any authority on this point and the Court has found none. There are a number of cases where the Court has "denied as moot" motions to suppress when the government agrees not to offer the contested evidence in its case in chief. It would appear, however, that the defendant in those cases did not object to that disposition.

In *United States v. Dale Michael Lucas*, No. 2:06-cr-01047-LRR, the defendant filed a motion to suppress evidence. The government filed a "resistance," stating that "[a]s the government does not intend to use these statements in its case in chief, the government requests the court deny the motion as moot." In his report and

---

[1] The motion states that "this appears to be the correct date, although some of the reports refer to it as September 7, 2011."

2

recommendation, Chief Magistrate Judge John Jarvey recommended that the motion be denied as moot.

> Given the government's concession that the defendant was questioned after he invoked his right to counsel, and its representation that it will not offer the incriminating statements in its case in chief, the court recommends that defendant's motion to suppress be denied as moot.

*United States v. Dale Michael Lucas*, No. 2:06-cr-01047-LRR, Report and Recommendation (docket number 40) at 2. The defendant did not object to that portion of the report and recommendation and it was adopted by Chief Judge Linda R. Reade. *See Id.*, Order (docket number 49).

Other courts have handled this issue similarly. In *United States v. Fenstermaker*, 2007 WL 1242891 (D. Minn.), the Court denied as moot two motions to suppress evidence after the government advised the Court that it would not offer the evidence in its case in chief at trial.

> [W]hile certain evidence was seized from the Defendant, the Government advises that it does not intend to offer, at Trial, any evidence that was obtained by search or seizure, and urges, therefore, that the Defendant's Motion to Suppress be denied as moot. The Defendant does not argue to the contrary, and therefore, we recommend that the Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be denied as moot.

*Id.* at *1. *See also United States v. Knight*, 2008 WL 4755678 (S.D. Fla.); *United States v. Lemke*, 2008 WL 4999246 (D. Minn.); *United States v. Tenerelli*, 2008 WL 420018 (D. Minn.); and *United States v. Valenzuela Lopez*, 2004 WL 2713257 (D. Minn.). In none of those cases, however, did the parties contest the issue of whether the motion should be granted under these circumstances, or denied as moot.

As a practical matter, it is unclear whether there is a significant difference between granting the motion to suppress or denying the motion as moot (based on the Government's promise not to offer the evidence during its case in chief). Under either alternative, the Government is precluded from offering into evidence during its case in chief the items

3

seized during the warrantless search. When the Government agrees not to offer evidence which is the subject of the motion to suppress, however, it would appear that the common practice is to deny the motion as moot. Accordingly, the Court recommends that outcome here. *See also United States v. Mitchell*, No. 08-CR-0046 (N.D. Iowa).

## *RECOMMENDATION*

For the reasons set forth above, I respectfully recommend that the District Court **DENY AS MOOT** the Motion to Suppress (docket number 126) filed by the Defendant on December 1, 2011.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.

DATED this 13th day of December, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA